FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

13 SEP 20 PM 1:01

MIDDLE
TAMPA, FLORIDA

ANGELA W. DEBOSE,
INDIVIDUALLY and as
PERSONAL REPRESENTATIVE
Of the ESTATE of BERTHA
WASHINGTON (deceased),

CIVIL ACTION

v.

NO. 8:13 CV 2437 T 27 MAP

JOHNSON & JOHNSON, et al.

_____/

## COMPLAINT

COMES NOW the Plaintiff, ANGELA W. DEBOSE, as Personal Representative

of the ESTATE of BERTHA WASHINGTON, to hereby sue Defendants, McNEIL-PPC

(—McNeil-PPCl), parent corporation, JOHNSON & JOHNSON (—J&Jl), and the

WALGREEN COMPANY (—Walgreensl) and alleges as follows:

### PARTIES

1.      Plaintiff, BERTHA WASHINGTON, deceased, was at all times relevant hereto, a

resident of Hillsborough County, Florida, of the age of 72 years.

2.      Plaintiff, ANGELA DEBOSE, is Personal Representative of

the ESTATE of BERTHA WASHINGTON (hereinafter "BERTHA WASHINGTON") and was

at all times relevant hereto, a resident of Tampa, Florida.

3.      Defendant, McNEIL-PPC, INC., is a wholly-owned subsidiary of Johnson

& Johnson that manufactures pharmaceutical and personal care consumer products,



1

including over the counter ("OTC") medications, such as Tylenol, Motrin, and Benadryl, and is based in Fort Washington, Pennsylvania.

4.     Defendant, JOHNSON & JOHNSON, is a three-sector health care company based in New Brunswick, New Jersey and is the ultimate parent company of McNeil-PPC, Inc.

5.     Defendant, The WALGREEN COMPANY, provides access to consumer goods and services and is the largest drug retailing chain in the United States and a three-sector health care company based in Deerfield, Illinois.

6.     All events giving rise to this complaint occurred in Hillsborough County, Florida.

## VENUE AND JURISDICTION

7.     This is a personal injury and wrongful death action arising out of injuries suffered by the lineal descendants of the Estate of Bertha Washington concerning the wrongful death of Bertha Washington after she ingested a dose of the over-the-counter medication, Tylenol 500 mg gel capsules.

8.     The Tylenol 500 mg gel capsules were produced by McNEIL-PPC, Inc. (—McNEIL-PPC‖) at its Fort Washington, Pennsylvania production facility. The Tylenol 500 mg gel capsules were purchased by Bertha Washington from Walgreens at a Tampa, Florida location.

9.     This action is proper in the Middle District of Florida, Tampa Division, as all material facts of this cause of action occurred on or about September 21, 2011, in Hillsborough County, Florida.

10.     This is an action for damages in excess of Seventy-Five Thousand Dollars and No/100 ($75,000.00) exclusive of fees and costs.

11.     This action is brought, among other things, pursuant to 28 U.S.C. §1367 which provides supplemental jurisdiction over state law claims and 28 U.S.C. §1332 on the basis of diversity jurisdiction.

12.     This is an action brought pursuant to 42 U.S.C. §1983, which provides: "Every person, who under color of any statute, ordinance, regulation, custom or usage of any State or Territory.... Subjects or causes to be subjected any citizen of the United States or others person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action of law, suit in equity of other proper proceeding for redress."

13.     Venue and jurisdiction are proper in this Court because all the wrongful acts complained of occurred within this judicial district Hillsborough County and several of these claims are being brought under 42 U.S.C. §1983.

14. That the statutory survivors of BERTHA WASHINGTON, deceased, are as follows:

a. The Estate of JOSEPH WASHINGTON, predeceased Husband of BERTHA WASHINGTON;

b. JOSEPH WASHINGTON, JR, surviving Son of BERTHA WASHINGTON;

c. PATRICIA WASHINGTON, surviving Daughter of BERTHA WASHINGTON.

d. CHERYL HARRIS, surviving Daughter of BERTHA WASHINGTON.

3

e. GILBERT WASHINGTON, surviving Son of BERTHA WASHINGTON.

f. MICHAEL WASHINGTON, surviving Son of BERTHA WASHINGTON.

g. ANGELA W. DEBOSE, surviving Daughter of BERTHA WASHINGTON.

h. LAVONNE WASHINGTON, surviving Daughter of BERTHA WASHINGTON.

i. LASHAWN WASHINGTON, surviving Daughter of BERTHA WASHINGTON.

15.     All conditions precedent to the filing of this action have occurred, accrued or have been waived as a matter of law.

## GENERAL ALLEGATIONS

16.     The plaintiff alleges that Bertha Washington's injuries and eventual death are directly attributable to quality control problems, defective production at the Fort Washington plant resulting in a recall of Tylenol, failure to adequately warn of the dangers of long-term use of the recommended dosage, and defective recall/removal to pull the unsafe product from the shelf. The plaintiffs now file suit against the defendants, asserting claims for their mother's death, against McNEIL-PPC, McNEIL-PPC's ultimate parent corporation, Johnson & Johnson (—J&J), and Walgreens Company (—Walgreens) as the corporate store that sold Ms. Washington the purportedly defective bottle of Tylenol 500mg gel capsules that was left on the shelf after a product recall of the drug purchased by Ms. Washington. Plaintiff alleges as follows:

4

17. Bertha Washington was a 72 year-old black female, who survived her husband Joseph Washington of 50 years.

18. On May of 2007, Joseph Washington passed away with illness. It was around this time that Bertha Washington began routinely taking Tylenol 500 mg 1 to 2 every night to help her sleep.

19. Bertha Washington took Tylenol one or two gel caps 500 mg routinely as needed to help her sleep. Though her daughter, LaShawn Washington, an RN purchased Melatonin, a natural sleep aid to help her mother rest, Bertha Washington preferred and continued to take the Tylenol as needed for sleep, as opposed to other sleep aids.

20. Bertha Washington was in relatively good health and regularly visited her primary care physician every three months for routine checkups. Bertha Washington's doctor's office records and labs reflect this as well.

21. It was regular or customary for LaShawn Washington, RN, to review Bertha Washington's blood work. In the last labs prior to hospitalization in September 2011, the only significant change in Bertha Washington's was the alkaline phosphatase level was elevated at 170, but the liver enzymes the AST and ALT both remained within normal limits (28).

22. Bertha Washington had planned a follow-up visit with her primary care physician, Dr. Vincent Farrier, but was not able to do so, because when presenting to the doctor's office for her visit, Bertha Washington and LaShawn Washington found that the office was closed. Both later learned it was because Dr. Farrier's was out due to illness.

Therefore, the Washington's were told by telephone that the office would call to reschedule as soon as Dr. Farrier was better and back in the office.

23.     Bertha Washington continued her regimen of taking the Tylenol nightly for sleep.

24.     Around the middle or end of August 2011, while shopping at Walgreen's Drugstore, LaShawn Washington found a single bottle of Tylenol gel caps (NDC 50580-488-50) on the shelf.  LaShawn thought it fortunate to get it for her mother, Bertha Washington, and commented and expressed her surprise to the cashier that it was the last remaining bottle of Tylenol on the shelf.

25.     LaShawn Washington was short on cash so she asked the cashier to hold the bottle of Tylenol at the register while she ran home to get the money.  Instead of LaShawn going back to make the purchase, Bertha Washington sent her son, Gilbert Washington, back to Walgreens with a check to pay for the bottle that the store was holding.

26.     Gilbert Washington paid for the Tylenol with his mother's check.  Bertha Washington resumed taking the Tylenol immediately.

27.     Days preceding her admission to the hospital, Mrs. Washington stopped taking the Tylenol around September 13, 2011, telling her daughter that she felt it was making her too "drowsy and sleepy."

28.     On Thursday, September 15, 2011, Bertha Washington woke up, not feeling bad, but not like herself.  It was on this day that Bertha Washington, a small lady,

noticed her shorts fitting rather tight around her abdomen, which she pointed out to her daughter.

29.    LaShawn Washington examined her mother's abdomen and was also surprised by the sudden distension of it.  Both Bertha Washington and LaShawn Washington dismissed it as intestinal gas and bloated-ness, given her feeling of fullness and not feeling hungry.

30.    LaShawn Washington told her mother that she would call Dr. Farrier's office to reschedule her appointment that was cancelled by the office due to Dr. Farrier's illness, especially since they had not yet called back to reschedule.

31.    LaShawn Washington reassessed her mother's abdomen on Friday morning, September 16, 2011, and noticed the abdomen was not quite as swollen.

32.    Later, after eating a few bites of a chicken salad sandwich that she did not finish due to lack of an appetite, Bertha Washington's abdomen swelled up again and she began having diarrhea, followed by nausea & vomiting.

33.    On Saturday morning, September 17th, Mrs. Washington's daughters took her to see her ND, Dr. Kim Nguyen, who gave Mrs. Washington an herbal medicine to help control the nausea and vomiting.  Mrs. Washington began feeling somewhat better after the visit, and returned home on bed rest.

34.    However, the nausea, vomiting, and diarrhea eventually returned and Mrs. Washington was becoming dehydrated.

35.    As a registered nurse of 27 years, LaShawn Washington administered (2) 500 cc bags of NS to keep her hydrated and B/P stable.  The paramedics were called, and

preceded to give more fluids to stabilize the B/P and control the N&V. Bertha Washington was admitted to St Joseph's Hospital on September 17, 2011 with liver related dysfunction, ascites, coagulopathy, and later cirrhosis.

36.     While in the hospital, Bertha Washington's liver enzymes were high and she had fluid in abdomen (i.e. ascites). The doctors asked Bertha Washington's children, all of whom were at the hospital, if she was a drinker and the family and Bertha Washington gave the doctors assurances that she was not.

37.     Bertha Washington was not a drinker or smoker, did not purchase or have alcohol or liquor in her home, and was not taking any other medicine or agent, other than Tylenol, reputed and known for its serious and toxic effects on the liver.

38.     Bertha Washington took the minimal or recommended daily dosage of Tylenol, whose effects are unknown and poorly researched in chronic or long term users and thus gave no adequate warning to her of its dangers.

39.     Bertha Washington's liver enzymes, specifically the AST (62), were initially elevated on admission, with both the ALT and AST subsequently climbing thereafter.

40.     On September 21, 2011, Bertha Washington passed away from sudden and unexpected complications associated with liver dysfunction/liver disease/cirrhosis, and renal failure. She was 72 years old who was relatively healthy, had not been hospitalized for any medical problems since she was a young woman, and had no history of liver disease.

8

41.     Bertha Washington was the wife of a minister, mother, Sunday School teacher, and Sears Roebuck and Company retiree after over 25 years of employment. She saw her primary care physician regularly every three months for checkups and blood work. Her blood work, including the outpatient blood work done on August 4, 2011, does not reveal any pre-existing liver related complications or issues.

42.     Bertha Washington did not overuse the Tylenol, or exceed the recommended dose and warnings prescribed on the box's label. She only routinely took a single 500mg gel cap (and only on rare occasions two) as needed to sleep following the death of her husband, Joseph Washington.

43. Plaintiff has brought this action under 42 U.S.C. §1983 and is entitled to recover from Defendants.

WHEREFORE, for the foregoing reasons, Plaintiff, ANGELA W. DEBOSE, as Personal Representatives of the ESTATE of BERTHA WASHINGTON, respectfully requests this Honorable Court to take jurisdiction of this cause and the parties to this action and enter an award of damages against Defendants, McNeil-PPC, INC., JOHNSON & JOHNSON, and WALGREENS and to award Plaintiff her costs. Plaintiff respectfully requests a judgment against Defendant for all damages allowed by law, as Plaintiff suffered the death and loss of her mother and such other and further relief as this Honorable Court deems just and proper under the circumstances.

9

## COUNT I
## WRONGFUL DEATH

44. This claim is brought pursuant to the Wrongful Death Act, Florida Statute, Chapter 768.

45. Plaintiff, ANGELA W. DEBOSE, re-alleges the allegations contained in paragraphs 1 through 44 above, as if fully set forth herein.

46. At all times material hereto, Defendants, had a duty to use reasonable care in the performance of so as not to endanger the lives and safety of persons within any foreseeable zones of risk created by such activities, including BERTHA WASHINGTON.

47. Defendants breached said duty by quality control problems; inadequate research and testing and failure to warn of the harmful effects of long-term or chronic use of Tylenol at the recommended dosage; defective production at the Fort Washington plant resulting in a recall of Tylenol; and defective recall/removal to pull the unsafe product from the shelf.

48. Defendants' breach of said duty is the proximate cause of BERTHA WASHINGTON'S death.

WHEREFORE, for the foregoing reasons, Plaintiff, ANGELA DEBOSE, as Personal Representative of BERTHA WASHINGTON, respectfully requests this Honorable Court to take jurisdiction of this cause and the parties to this action and enter an award of damages against Defendants for all damages allowed by law including

punitive damages, as Plaintiff suffered death and seeks damages, and such other and further relief as this Honorable Court deems just and proper under the circumstances.

## COUNT II
## STRICT LIABILITY

49. This claim is brought pursuant to the Strict Liability under Restatement (Second) of Torts § 402A, Special Liability of Seller of Product for Physical Harm to User or Consumer.

50. Plaintiff, ANGELA W. DEBOSE, re-alleges the allegations contained in paragraphs 1 through 49 above, as if fully set forth herein.

51. Defendants failed to minimize the damage posed by Tylenol on the market in interstate commerce.

52. BERTHA WASHINGTON, deceased would have been entitled to maintain an action and recover damages if her death had not ensued from the actions of DEFENDANTS.

53. DEFENDANTS are strictly liable for their defective product in the stream of interstate commerce that contributed to BERTHA WASHINGTON'S death.

WHEREFORE, for the foregoing reasons, Plaintiff, ANGELA DEBOSE, as Personal Representative of BERTHA WASHINGTON, respectfully requests this Honorable Court to take jurisdiction of this cause and the parties to this action and enter an award of damages against Defendants for all damages allowed by law including punitive damages, as Plaintiff suffered death and seeks damages, and such other and further relief as this Honorable Court deems just and proper under the circumstances.

11

## COUNT III
## STRICT LIABILITY

54. This claim is brought pursuant to the Strict Liability under Restatement (Second) of Torts § 402B, Misrepresentation of Chattels to Consumer.

55. Plaintiff, ANGELA W. DEBOSE, re-alleges the allegations contained in paragraphs 1 through 54 above, as if fully set forth herein.

56. Defendants failed to minimize the damage posed by Tylenol on the market in interstate commerce.

57. BERTHA WASHINGTON, deceased would have been entitled to maintain an action and recover damages if her death had not ensued from the actions of DEFENDANTS.

58. DEFENDANTS are strictly liable for their defective product in the stream of interstate commerce that contributed to BERTHA WASHINGTON'S death.

WHEREFORE, for the foregoing reasons, Plaintiff, ANGELA DEBOSE, as Personal Representative of BERTHA WASHINGTON, respectfully requests this Honorable Court to take jurisdiction of this cause and the parties to this action and enter an award of damages against Defendants for all damages allowed by law including punitive damages, as Plaintiff suffered death and seeks damages, and such other and further relief as this Honorable Court deems just and proper under the circumstances.

## COUNT IV
## VICARIOUS LIABILITY

59. This claim is brought pursuant to Vicarious Liability under Restatement (Second) of Torts § 520.

60. Plaintiff, ANGELA W. DEBOSE, re-alleges the allegations contained in paragraphs 1 through 59 above, as if fully set forth herein.

61. Defendant, JOHNSON & JOHNSON had actual or constructive knowledge that Defendant, McNeil-PPC, Inc. failed to properly or sufficiently supervise the operation and production of Tylenol, leading to quality control problems and defective production at the Fort Washington plant—resulting in a recall of Tylenol.

62. Defendant, JOHNSON & JOHNSON, is the ultimate parent company of McNeil-PPC, Inc.

63. Defendant, McNeil-PPC, Inc. is a wholly-owned subsidiary of JOHNSON & JOHNSON and its conduct and actions were the type JOHNSON & JOHNSON expected them to perform in the time, space, and limits of their enterprise relationship.

64. Defendant, McNeil-PPC, Inc.'s conduct and actions were activated at least in part by a purpose to serve JOHNSON & JOHNSON.

65. At all times material hereto, Defendant, JOHNSON & JOHNSON had a duty to exercise reasonable supervision and control so as not to endanger the lives and safety of persons within any foreseeable zones of risk created by McNeil-PPC, Inc.'s activities, including BERTHA WASHINGTON.

66. Defendant, JOHNSON & JOHNSON breached said duty.

13

67. Defendant, JOHNSON & JOHNSON'S breach of said duty is the proximate cause of BERTHA WASHINGTON'S death.

68. BERTHA WASHINGTON, deceased would have been entitled to maintain an action and recover damages if her death had not ensued from the actions of JOHNSON & JOHNSON.

WHEREFORE, for the foregoing reasons, Plaintiff, ANGELA DEBOSE, as Personal Representative of BERTHA WASHINGTON, respectfully requests this Honorable Court to take jurisdiction of this cause and the parties to this action and enter an award of damages against Defendants for all damages allowed by law including punitive damages, as Plaintiff suffered death and seeks damages, and such other and further relief as this Honorable Court deems just and proper under the circumstances.

## COUNT V
## NEGLIGENCE

69. This claim is brought pursuant to Negligence for physical harm.

70. Plaintiff, ANGELA W. DEBOSE, re-alleges the allegations contained in paragraphs 1 through 69 above, as if fully set forth herein.

71. Defendants had on the market a product that was unreasonably dangerous for its intended use and in a condition not reasonably contemplated by the ultimate consumer.

72. Defendants were aware that the product would cause injury, the gravity of the danger posed, and the adverse consequences to the product and to the consumer,

14

BERTHA WASHINGTON, but breach its duty in failing to insure the product was pulled from the market.

73. Defendants' breach of said duty is the proximate cause of BERTHA WASHINGTON'S death.

74. BERTHA WASHINGTON, deceased would have been entitled to maintain an action and recover damages if her death had not ensued from the actions of DEFENDANTS.

WHEREFORE, for the foregoing reasons, Plaintiff, ANGELA DEBOSE, as Personal Representative of BERTHA WASHINGTON, respectfully requests this Honorable Court to take jurisdiction of this cause and the parties to this action and enter an award of damages against Defendants for all damages allowed by law including punitive damages, as Plaintiff suffered death and seeks damages, and such other and further relief as this Honorable Court deems just and proper under the circumstances.

## COUNT VI
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

75. This claim is brought pursuant to Breach of Implied Warranty of Merchantability under U.C.C. 2-316(2).

76. Plaintiff, ANGELA W. DEBOSE, re-alleges the allegations contained in paragraphs 1 through 75 above, as if fully set forth herein.

77. Defendants placed on the market a product that was unreasonably dangerous for its intended use and in a condition not reasonably contemplated by the ultimate consumer.

15

78. Defendants was aware that the product would not pass without objection and failed to adequately recall the produce known to cause injury and adverse consequences to the consumer, and did not adequately conform to the promise or affirmations of fact made on the container or label.

79. Defendants' breach of the Implied Warranty of Merchantability is the proximate cause of BERTHA WASHINGTON'S death.

80. BERTHA WASHINGTON, deceased would have been entitled to maintain an action and recover damages if her death had not ensued from the actions of DEFENDANTS.

WHEREFORE, for the foregoing reasons, Plaintiff, ANGELA DEBOSE, as Personal Representative of BERTHA WASHINGTON, respectfully requests this Honorable Court to take jurisdiction of this cause and the parties to this action and enter an award of damages against Defendants for all damages allowed by law including punitive damages, as Plaintiff suffered death and seeks damages, and such other and further relief as this Honorable Court deems just and proper under the circumstances.

## COUNT VII
## BREACH OF EXPRESS WARRANTY

81. This claim is brought pursuant to Breach of Express Warranty under U.C.C. 2-316(2).

82. Plaintiff, ANGELA W. DEBOSE, re-alleges the allegations contained in paragraphs 1 through 81 above, as if fully set forth herein.

83. Defendants placed on the market a product that was unreasonably dangerous for its intended use and in a condition not reasonably contemplated by the ultimate consumer.

84. Defendants was aware that the product would not pass without objection and did not conform to affirmations or promises made on the bottle or label.

85. Defendants warranted that the goods conformed to the description and warranted that the whole of the goods conformed to safety expectations for consumer use and placement in the marketplace.

86. Defendants' breach of their Express Warranty as to the fitness and safety of the Tylenol product for consumer use and consumption is the proximate cause of BERTHA WASHINGTON'S death.

87. BERTHA WASHINGTON, deceased would have been entitled to maintain an action and recover damages if her death had not ensued from the actions of DEFENDANTS.

WHEREFORE, for the foregoing reasons, Plaintiff, ANGELA DEBOSE, as Personal Representative of BERTHA WASHINGTON, respectfully requests this Honorable Court to take jurisdiction of this cause and the parties to this action and enter an award of damages against Defendants for all damages allowed by law including punitive damages, as Plaintiff suffered death and seeks damages, and such other and further relief as this Honorable Court deems just and proper under the circumstances.

## COUNT VIII
## VIOLATION OF CONSUMER PROTECTION LAW

88. This claim is brought pursuant to Violation of the Consumer Protection Act (80 Stat. 1296, 15 U.S.C. §§ 1451-1461).

89. Plaintiff, ANGELA W. DEBOSE, re-alleges the allegations contained in paragraphs 1 through 88 above, as if fully set forth herein.

90. Defendants placed on the market a product that was unreasonably dangerous for its intended use and in a condition not reasonably contemplated by the ultimate consumer.

91. Defendants was aware that the product would not pass without objection and did not conform to affirmations or promises made on the bottle or label.

92. Defendants warranted that the goods conformed to the description and warranted that the whole of the goods conformed to safety expectations for consumer use and placement in the marketplace.

93. Defendants put a dangerous product in the marketplace and in interstate commerce and did not adequately research of test to insure its fitness for use or consumption on a long-term use basis when following its recommended daily dose, breached several warranties as to the fitness and safety of the Tylenol product, and failed to fully pull the defective products from the shelf in the marketplace when it was recalled.

94. Defendants violation of consumer protection laws is the proximate cause of BERTHA WASHINGTON'S death.

95. BERTHA WASHINGTON, deceased would have been entitled to maintain an action and recover damages if her death had not ensued from the actions of DEFENDANTS.

WHEREFORE, for the foregoing reasons, Plaintiff, ANGELA DEBOSE, as Personal Representative of BERTHA WASHINGTON, respectfully requests this Honorable Court to take jurisdiction of this cause and the parties to this action and enter an award of damages against Defendants for all damages allowed by law including punitive damages, as Plaintiff suffered death and seeks damages, and such other and further relief as this Honorable Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, ANGELA W. DEBOSE, as Personal Representative of the ESTATE of BERTHA WASHINGTON hereby demands a trial by jury for all issues to triable.

DATED this _20th_ day of September, 2013.

_Angela W. DeBose_
**Angela W. DeBose, Personal Representative**

1107 W. Kirby St.
Tampa, FL 33604
(813) 932-6959

IN THE CIRCUIT COURT FOR HILLSBOROUGH
COUNTY, FLORIDA

PROBATE DIVISION

IN RE: ESTATE OF

File No. 11-2599

BERTHA B. WASHINGTON,

Deceased.

## ORDER APPOINTING PERSONAL REPRESENTATIVE
(intestate - single)

On the petition of ANGELA W. DEBOSE for administration of the estate of BERTHA
B. WASHINGTON, deceased, the Court finding that the decedent died on September 21, 2011;
and that ANGELA W. DEBOSE is entitled to appointment as Personal Representative by reason
of preference as the daughter of the decedent, and is qualified to be Personal Representative, it is

ADJUDGED that ANGELA W. DEBOSE is appointed Personal Representative of the
estate of the decedent, and that upon taking the prescribed oath, filing the designation and
acceptance of resident agent, and entering into bond in the sum of $10,000 , letters of
administration shall be issued.

ORDERED on _____ Oct 1 _____, 2011.

/s/ Claudia R. Isom
_____
Circuit Judge

IN THE CIRCUIT COURT FOR HILLSBOROUGH COUNTY, FLORIDA

PROBATE DIVISION

IN RE: ESTATE OF

File No.

BERTHA B. WASHINGTON,

        Deceased.

### OATH OF PERSONAL REPRESENTATIVE, AND DESIGNATION AND ACCEPTANCE OF RESIDENT AGENT

STATE OF FLORIDA
COUNTY OF HILLSBOROUGH

    I, ANGELA W. DEBOSE (Affiant), state under oath that:

    1.    I am qualified within the provisions of Sections 733.302, 733.303 and 733.304 of the Florida Probate Code to serve as Personal Representative of the estate of BERTHA B. WASHINGTON, deceased.

    2.    I will faithfully administer the estate of the decedent according to law.

    3.    My place of residence is 1107 W. Kirby Street, Tampa, Florida 33604, and my post office address is the same.

    4.    I hereby designate N. Michael Kouskoutis, Esq., who is a member of The Florida Bar, a resident of Pinellas County, Florida, whose office address is 623 East Tarpon Avenue, Tarpon Springs, Florida 34689, and whose post office address is 623 East Tarpon Avenue, Tarpon Springs, Florida 34689, as my agent for the service of process or notice in any action against me, either in my representative capacity, or personally, if the personal action accrued in the administration of the estate.



ANGELA W. DEBOSE
Affiant

    Sworn to and subscribed to before me on _____ 7th _____, 2011, by Affiant, who is personally known to me ___✓___ or who produced _____ as identification.

Kim A. Bushe
Notary Public State of Florida
My Commission Expires: 6/27/14
My Commission Number is: DD 973518

KIM A. BUSHE
Commission # DD 973518
Expires June 27, 2014
Bonded Thru Troy Fain Insurance 800-385-7019

**IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
OF FLORIDA,
IN AND FOR HILLSBOROUGH COUNTY
CIVIL DIVISION**

ANGELA W. DEBOSE,
INDIVIDUALLY and as
PERSONAL REPRESENTATIVE
Of the ESTATE of BERTHA
WASHINGTON (deceased),

      **Petitioner,**

v.

**ST. JOSEPH'S HOSPITAL,
SHAHEEN MOTIWALA, M.D.**

      **Respondents,**

_____/

**PETITION FOR 90 DAY EXTENSION OF FLORIDA MEDICAL
MALPRACTICE STATUTE OF LIMITATIONS**

      **COMES NOW THE** Petitioner, pursuant to Florida Statute 766.104(2), and petitions the Clerk of the Court for a 90-day extension of the Statute of Limitations, set forth in Florida Statute 95.11, to allow the reasonable investigation of a medical malpractice, wrongful death claim as required by Florida Statute 766.104 alleges:

      1.     A 90-day extension at this time is necessary to obtain sufficient information to establish liability among several possible defendants.

      **WHEREFORE,** Petitioner requests the automatic 90-day extension of time authorized by Florida Statute 766.104(2).

DATED this __19th__ day of September, 2013.

**OFFICE of VITAL STATISTICS**

CERTIFIED COPY

## FLORIDA CERTIFICATE OF DEATH

| | | | |
|---|---|---|---|
| 1. DECEDENT'S NAME (First, Middle, Last, Suffix) | | | A. SEX |
| BERTHA | B. | WASHINGTON | FEMALE |
| 2. DATE OF BIRTH (Month, Day, Year) | 3a. AGE—Last Birthday | 3b. UNDER 1 YEAR | 3c. UNDER 1 DAY | 4. DATE OF DEATH (Month, Day, Year) |
| February 17, 1939 | 72 | | | September 21, 2011 |
| 5. SOCIAL SECURITY NUMBER | 6. BIRTHPLACE (City and State or Foreign Country) | | 7. COUNTY OF DEATH |
| | LEXINGTON, GEORGIA | | HILLSBOROUGH |

| 8. PLACE OF DEATH (Check only one) | | |
| ☐ HOSPITAL | ☐ Inpatient | ☐ Emergency Room/Outpatient | ☐ Dead on Arrival |
| ☐ NON-HOSPITAL | ☐ Hospice facility | ☐ Nursing Home/Long Term Care Facility | ☐ Decedent's Home | ☐ Other (Specify) |

| 9. FACILITY NAME (if not institution, give street and number) | 9a. CITY, TOWN, OR LOCATION OF DEATH | 9b. INSIDE CITY LIMITS? |
| ST. JOSEPH'S HOSPITAL | TAMPA | X Yes ☐ No |

| 10. MARITAL STATUS (Specify) | 11. SURVIVING SPOUSE'S NAME (if wife, give maiden name) |
| ☐ Married  ☐ Married, but Separated  X Widowed  ☐ Divorced  ☐ Never Married | |

| 14a. RESIDENCE—STATE | 14b. COUNTY | 14c. CITY, TOWN OR LOCATION | |
| FLORIDA | HILLSBOROUGH | TAMPA | |
| 14d. STREET ADDRESS | | 14e. APT NO | 14f. ZIP CODE | 14g. INSIDE CITY LIMITS? |
| | | | 33619 | X Yes ☐ No |

| 15. DECEDENT'S USUAL OCCUPATION (Indicate type of work done during most of working life.) Do not use "Retired" | 16. KIND OF BUSINESS/INDUSTRY |
| SALES REPRESENTATIVE | RETAIL SALES |

16. DECEDENT'S RACE (Specify not represented to indicate what deceased considered himself/herself to be. More than one race may be specified.)
☐ White  X Black or African American  ☐ American Indian or Alaskan Native (Specify only)
☐ Asian Indian  ☐ Chinese  ☐ Filipino  ☐ Japanese  ☐ Korean  ☐ Vietnamese  ☐ Other Asian (Specify)
☐ Native Hawaiian  ☐ Guamanian or Chamorro  ☐ Samoan  ☐ Other Pacific Is. (Specify)  ☐ Puerto Rican  ☐ Cuban  ☐ Other Hispanic/Specify  ☐ Other (Specify)

| 17. IS DECEDENT OF HISPANIC OR HAITIAN ORIGIN? ☐ Yes (If Yes specify) ☐ No | 17a. WAS DECEDENT EVER IN U.S. ARMED FORCES? |
| 18. DECEDENT'S EDUCATION (Specify the decedent's highest degree or level of school completed at time of death.) | ☐ Yes X No |
| ☐ 8th or less  ☐ High school but no diploma  X High school diploma or GED | |
| ☐ College but no degree  ☐ College degree (Specify)  ☐ Associates  ☐ Bachelors  ☐ Masters  ☐ Doctorate | |

| 19. FATHER'S NAME (First, Middle, Last, Suffix) | 20. MOTHER'S NAME (First, Middle, Maiden Surname) |
| GEORGE KING EBERHART | ALICE MATTOX |
| 21. INFORMANT'S NAME | 21a. RELATIONSHIP TO DECEDENT | 22a. INFORMANT'S MAILING—STATE |
| ANGELA DEBOSE | DAUGHTER | FLORIDA |
| 22b. CITY OR TOWN | 22c. STREET ADDRESS | 22d. ZIP CODE |
| TAMPA | | 33604 |

| 23. PLACE OF DISPOSITION (Name of cemetery, crematory, or other place) | 23a. LOCATION—STATE | 23b. LOCATION—CITY OR TOWN |
| REST HAVEN MEMORIAL PARK | FLORIDA | TAMPA |
| 24. METHOD OF DISPOSITION | 27a. LICENSE NUMBER (of Licensee) | 27. SIGNATURE OF FUNERAL DIRECTOR ACTING AS AGENT |
| ☐ BURIAL  ☐ DONATION OR BURIAL AT SEA  ☐ REMOVAL FROM STATE  ☐ ENTOMBMENT  ☐ OTHER | F04240 | *[signature]* |
| 25. NAME OF FUNERAL FACILITY | | 25a. FACILITY'S ADDRESS—STATE |
| | | FLORIDA |
| RAY WILLIAMS FUNERAL HOME | 301 NORTH HOWARD AVENUE | 33606 |
| 26. CITY OR TOWN | 26a. STREET ADDRESS | 26b. ZIP CODE |
| TAMPA | | |

| 28. CERTIFIER | 29. TIME OF DEATH | 30. MEDICAL EXAMINER'S CASE NUMBER |
| ☐ CERTIFYING PHYSICIAN | 1555 | |
| 31a. SIGNATURE AND TITLE OF CERTIFIER | 31b. DATE SIGNED | 31c. NAME OF ATTENDING PHYSICIAN (if other than Certifier) |
| PHYSICIAN | 09-29-11 | |
| 32. LICENSE NUMBER OF CERTIFIER | 32a. DECEDENT'S NAME | 32b. ZIP CODE |
| ME96471 | CHRISTINE DAMIAN M.D. | 33607 |
| 33. REGISTRAR—STATE | 33a. CITY OR TOWN | 34. STREET ADDRESS | SEP 30 2011 |
| FLORIDA | TAMPA | 3001 W. DR. MARTIN LUTHER KING BLVD | |

CAUSE OF DEATH — PART I

Liver dysfunction / disease cirrhosis

Sepsis.

Kidney Failure.

VOID IF ALTERED OR ERASED

INSTRUMENT# 2011320274, O BK 20745
PG 1211-1211 10/07/2011 at 01:26:07 PM,
DEPUTY CLERK: PPASTOR Pat Frank, Clerk
of the Circuit Court Hillsborough County

RAY WILLIAMS FUNERAL HOME

301 NORTH HOWARD AVENUE

TAMPA    33606

F044240    FLORIDA

CHRISTINE DAMIAN M.D.

3001 W. DR. MARTIN LUTHER KING BLVD.

FLORIDA    TAMPA    33607

SEP 30 2011

CAUSE OF DEATH

Liver dysfunction/disease (cirrhosis)

Sepsis

Kidney Failure

SEP 30 2011

CHIEF DEPUTY REGISTRAR

HEALTH

37841356

WARNING: ... THE STATE OF FLORIDA ... THIS DOCUMENT FACE CONTAINS A MULTI COLORED BACKGROUND AND GOLD EMBOSSED SEAL. THE BACK CONTAINS SPECIAL LINES WITH TEXT AND SEALS IN THERMOCHROMATIC INK.

DH FORM 1947 (3/04)

DO NOT ALTER, ERASE OR ERASE

128274.0 BK 20745
011 at 01 26 07 PM,
STOR Pat Frank, Clerk
Hasborough County

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Angela W. DeBose,
Individually and as PERSONAL REPRESENTATIVE
of the ESTATE OF BERTHA WASHINGTON (deceased)

## DEFENDANTS

McNeil-PPC, Inc.
Johnson & Johnson
The Walgreen Co.

(b) County of Residence of First Listed Plaintiff **Hillsborough County**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **Prince George County**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☒ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☒ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC 1367, 28 USC 1332, 42 USC 1983, Wrongful Death Act, FS, Restatement (Second) of Torts

Brief description of cause:
Product Liability - Tylenol Acetaminophen

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 75,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE _____ DOCKET NUMBER **MDL No. 2436**

DATE
09/20/2013

SIGNATURE OF ATTORNEY OF RECORD
*Angela W. DeBose, PR*

### FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____